**HUI ZHEN CHEN, Petitioner,**

**v.**

**Eric H. HOLDER, Jr.,[1] Attorney General, Respondent.**

**No. 08–1878–ag.**

United States Court of Appeals, Second Circuit.

April 6, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Terri J. Scadron, Assistant Director, Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Hui Zhen Chen, a native and citizen of China, seeks review of the April 15, 2008 order of the BIA affirming the December 5, 2005 decision of Immigration Judge ("IJ") Noel A. Brennan denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Zhen Chen*, No. A 97 330 325 (B.I.A. Apr. 15, 2008), *aff'g* No. A 97 330 325 (Immig. Ct. N.Y. City Dec. 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ The record supports the agency's determination that Chen failed to establish eligibility for asylum or withholding of removal. Before the agency, Chen asserted that she feared persecution on account of China's family planning policy. In light of the fact that Chen is unmarried and has no children, the IJ reasonably found her fear of persecution on this ground too speculative to be well-founded. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be [persecuted], his fear is speculative at best"). Moreover, the agency reasonably concluded that Chen was not eligible for asylum based on the forced sterilization of her mother and other family members. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 140–41 (2d Cir.2007) (citing *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308–09 (2d Cir.2007))

■ Chen further claimed that she had a well-founded fear of future persecution based on her membership in "the particular social group of Chinese women of childbearing age who desire and intend to have a large family; have relatives, who, desiring to have large families, have been force to undergo an abortion or sterilization by the Chinese government; and oppose and

resist the coercive population control policy by leaving the country." Even if the particular social group that Chen proposes does exist, Chen's argument is without merit where she failed to offer evidence that any persecution she might suffer would be imposed on account of her membership in said social group. *See* 8 U.S.C. § 1101(a)(42).

■ Chen's final assertion in support of her asylum claim was that she established a well-founded fear of persecution by demonstrating that she would be imprisoned for illegally departing China. Specifically, Chen argued that because she departed China illegally to avoid the family planning policy, any resulting imprisonment would be on account of her political opinion and would thus constitute persecution. Chen's testimony suggests that she departed China illegally. Even assuming that her departure did violate Chinese law, prosecution for violating a generally applicable statute does not alone constitute a valid basis for granting asylum. *See Qun Yang v. McElroy*, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam).

■ For these reasons, the agency did not err in finding that Chen failed to establish a well-founded fear of future persecution. As such, the agency reasonably denied Chen's application for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).

■ Chen further challenges the agency's denial of her application for CAT relief, arguing that the background evidence in the record demonstrates that it is more likely than not that she will be tortured by Chinese government officials on account of her illegal departure and by smugglers

with the acquiescence of government officials on account of her unpaid debt. We have held that an applicant cannot demonstrate that she is more likely than not to be tortured "based solely on the fact that she is part of the large class of persons who have departed China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005) (italics omitted); *see also Pierre v. Gonzales*, 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). Further, contrary to Chen's argument that the agency erred in denying her request for CAT relief based on her claim that smugglers will likely torture her for failure to pay the debt she owes them, she fails to submit particularized evidence demonstrating that smugglers torture similarly situated individuals and that Chinese officials acquiesce in such torture. Thus, substantial evidence supports the agency's denial of Chen's CAT claim, as Chen provided no basis for the IJ to conclude that she, or someone in her "particular alleged circumstances," faces an elevated risk of torture. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).